[Civil No. 1737. Filed November 4, 1919.]

[185 Pac. 146.]

W. A. MOEUR, as State Land Commissioner of the State of Arizona, Appellant, v. EDWARD O'BRIEN MANN, Appellee.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Samuël L. Pattee, Judge. Reversed and remanded.

Messrs. Ward & Griffeth, Mr. W. E. Ryan, and Mr. Frank E. Curley, *Amicus Curiae,* for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. L. B. Whitney and Mr. Alexander B. Baker, Assistant Attorneys General, for Appellee.

PER CURIAM.—The appellee sought by this action to restrain the state land commissioner from entering into leases of the state lands in conformity with the provisions of chapter 166, Sessions Laws of 1919, for the reason that said chapter is invalid because said chapter 166 passed the legislative assembly in all respects as an emergency measure, was, after final passage, on the thirteenth day of March, 1919, presented to the Governor for his approval or disapproval, and the session of the legislature having finally closed on the said thirteenth day of March, 1919, the Governor filed the bill in the office of the Secretary of State on the twenty-sixth day of March, 1919, without his signature and without objections. The Secretary of State indorsed upon the bill so filed his certificate, as prescribed in paragraph 44, Revised Statutes of Arizona of 1913.

The defendant demurred upon the grounds that said law is a valid subsisting law and the defendant is in duty bound to observe its provisions. The trial court overruled the demurrer, and, the defendant declining to answer further, judgment was rendered enjoining and restraining the defendant from executing a lease to S. F. Meguire for 3,200 acres of land as he intends to do under said law.

From said judgment, the defendant appeals.

This record presents the same question of law presented by *Clark* v. *Boyce, ante*, p. 544, 185 Pac. 136, decided on this date. On authority of that case, the judgment here is reversed and the cause remanded, with instructions to the lower court to sustain the demurrer and dismiss the cause.